CASE 11.—ACTION BETWEEN LOUISVILLE HOME TELE-
PHONE COMPANY AND JOHN D. GASPER AND
OTHERS ON MOTION TO DISMISS APPEAL.—Feb-
ruary 22.

## Louisville Home Telephone Co. v. Gasper, &c.

Motion to dismiss appeal made by appellee in the
Appellate Court . Motion overruled.

Appeals—Rules of Appellate Court—Under rule 3 of this court
requiring appellant to file his brief twenty days prior to the
day the case is set for hearing, and the appellee to file his
brief ten days prior to that time, where a case was set for
hearing for February 20, the appellant on February 16, with-
out having filed a brief, entered a motion for oral argument.
The court sustained the motion without observing that appel-
lat's brief was not filed.  On the call of the case on February
20 appellee entered a motion to dismiss the appeal.  Held—
By the letter of the rule the appeal should be dismissed
without prejudice, but the court in order to make the rule
operate equally on both appellant and appellee, if we treat
the grounds filed for an oral argument as a brief, the appeal
will not now be dismissed, but appellant will be adjudged
to pay the costs of the appeal up to this time, and the order
heretofore entered continuing the case for oral argument
will stand.

HELM, BRUCE & HELM for appellant.

CARUTH, CHATTERSON & BLITZ for appellees.

Opinion by Judge Hobson—Overruling.

Appellee has entered a motion to dismiss the appeal
because appellant's brief was not filed in time under
rule 3 of this court, which is as follows:  "That in
all cases or appeals hereafter filed, or now filed and
not submitted, it shall be the duty of the appellant

to file his brief twenty days prior to the day the case
is set for hearing, and the appellee to file his brief ten
days prior to that time, and a failure to do so by the
appellant shall cause a dismissal of the appeal without
prejudice; and upon the part of appellee, he will, if
in default, be required to pay the costs up to the date
of filing his brief. No oral argument will be ordered
or heard on the part of the party in default unless
his brief is filed as herein provided. When the briefs
are in, or the brief of the party not in default, an oral
argument will be ordered if desired, and a time fixed
for the hearing.''

It will be observed that the rule requires the appel-
lant to file his brief twenty days before the day the
case is set for hearing and the appellee to file his brief
ten days before that time. It provides that if the appel-
lant fails to file his brief as required it shall be cause
for the dismissal of the appeal without prejudice, and
that if the appellee is in default he will be required
to pay the costs up to the date of filing his brief. No
oral argument under the rule will be ordered or heard
on the motion of the party in default unless a brief is
filed. The case was set for hearing on the docket for
February 20th. The appellant on February 16th,
without having filed a brief theretofore, entered a
motion for an oral argument and filed grounds in
support of the motion. The court sustained the motion
tion without observing that the appellant's brief was
not filed. On the call of the case on February 20th
the appellee entered a motion to dismiss the appeal.

By the letter of the rule the appeal should be dis-
missed without prejudice; but the court, in order to
make the rule operate equally on both appellant and
appellee, has heretofore adopted the practice of ad-

judging the appellant to pay the costs of the appeal up to that time where he had filed a brief, but his brief was not filed in time. If we treat the ground filed for oral argument as a brief, the appeal will not be now dismissed; but appellant will be adjudged to pay the costs of the appeal up to the time, and the order heretofore entered continuing the case for oral argument will stand.

Motion overruled, at appellant's cost.